Donahue, J.
The question presented by the record in this case is in some respects a novel one in Ohio. There seems to be neither a statute nor adjudicated case dispositive of some of the propositions urged by the plaintiff in error in its defense to plaintiff’s suit. It is undoubtedly the common practice in this state, and it would seem to be practically the universal interpretation of the law that where a street is sufficiently wide that enough will remain unobstructed to meet the needs of public travel, a municipality may maintain or permit to be maintained, park strips between the curbing and the paved street and the pavement of the sidewalk in which strip grass, flowers and trees may be grown for the purpose of beautifying and ornamenting the streets of the city and contributing to the pleasure and comfort of its citizens, and may, if it be deemed necessary, construct or permit to be constructed proper barriers around the same to prevent travel thereon, and such trees, grass and flowers growing upon such park strip and the proper barriers placed around the same to protect them are not obstructions or nuisances within the meaning of the statute requiring the city council to keep the streets of a municipality in repair, open for travel and free from nuisances. This construction of the law would not authorize a municipality to maintain, or permit to be maintained, a fence, wire or other barrier around such park strip in such condition as to become dangerous to the life, or the safety, of any traveler who undertakes to pass over the same, and if a pedestrian in the exercise of due care for his own safety is injured by reason of the dangerous or defective *9 condition of the barrier the municipality is liable in damages for such injury if it be shown that it knew or in the exercise of ordinary care should have known the dangerous condition thereof. The plaintiff in error contends that the trial court erred in refusing to give its first and second special requests. These requests were predicated upon the assumption that no matter if the wires placed around this strip of ground were so placed as to be dangerous that the plaintiff in going upon this strip was negligent and assumed all the risk of injury by reason thereof, and the court very properly refused to give the same.
That the plaintiff attempted to cross this park strip at a point other than where the passageways were provided was not negligence per se. Whether he was negligent in so doing under all the circumstances of the case was a proper question for the jury. It is claimed on behalf of this plaintiff that in passing along the pavement he saw directly ahead of him a quantity of ice that had accumulated there and that in order to avoid this ice he attempted to cross to the other side of the street at a place where no passageway across this park strip had been provided for that purpose, but that he had no knowledge whatever of the existence’ of this wire at this point and that the strip was so narrow, being only about eighteen inches wide that it could be easily covered by one step of a pedestrian, and, therefore, not likely to need such protection and the pedestrian would not naturally expect to find such obstruction there; that two stakes were driven at each end of the strip eighteen inches apart and thirty feet from *10 end to end; that a small wire had been placed around the top of these stakes and had been permitted to sag in the middle so that at the point plaintiff attempted to cross it was not more than ten or twelve inches high; that the place was not lighted by any street lamp and the night was so dark that a pedestrian in the exercise of due care for his own safety could not see this wire or protect himself from injury therefrom, and that, therefore, this wire so placed and permitted to remain was a dangerous nuisance and likely to produce just such an injury to a pedestrian exercising due care for his own safety as the plaintiff sustained. There is evidence in this record in support of these facts upon which plaintiff rests his right to recover in this action.
The fact that a municipality may maintain or permit to be maintained a barrier around such strips to prevent pedestrians from going thereon does not authorize the maintenance of such a dangerous construction as would be a menace to the life or safety of a pedestrian exercising due care for his own safety in an attempt to cross over the same.
If the jury found from the evidence that this wire was in the condition described by some of the witnesses, then it could rightly find that it was not a barrier to prevent, but rather a device to trip and punish any one who would attempt to cross this strip in the night season. That a pedestrian has not sufficient civic pride to refrain from going upon or passing over this strip does not justify the placing of a nuisance there that might probably cause his death or do him great' bodily *11 harm if he should .attempt to do so and the pedestrian could not be held to have assumed the risk of injury from such a device if it be shown that he had no knowledge of its existence’ and could not in the exercise of due care for his own safety see the same or be required to anticipate its presence. True, if he had collided with a tree or with a proper barrier placed there to prevent him from going upon the strip or with a stepping stone, or other obstruction that might reasonably be expected to be found there then the contention of the plaintiff in error that he assumed the risk of injury from such obstruction would obtain. In the absence of knowledge of the fact he could not be required to contemplate the existence of this wire placed so near the ground that it would not prevent his going upon the strip, but rather would more likely result in his injury than in the accomplishment of the purposes for which it is now claimed it was so placed, and while it might be a proper and sufficient guard in the day time, or even in the night season, if properly lighted, yet it was a question for the jury to determine whether under the circumstances of this case it was a legitimate barrier, one that he ought to have expected to meet and, therefore, assumed the risk of injury therefrom, or whether it* was a dangerous and unlawful nuisance, the existence of which he would not be required to have in contemplation at the time he attempted to cross the same.
It is also claimed on behalf of the plaintiff in error that the court erred in the rejection of the testimony of S. S. Foreman. The defendant *12 sought to show by this witness the plan of the improvement of the streets of this village with reference to the maintenance of park strips between the curbing of the paved street and the paved portion of the sidewalks, and it was permitted to show this plan as fully as the nature of this defense required. The objections to the questions appearing on pages 255, 256 and 257 of the record were properly sustained for the reason then stated by the court that they were leading questions.
From the whole record it appears that the issue was properly submitted to the jury and that its verdict is sustained by evidence.
The judgment of the circuit court affirming the judgment of the common pleas court is affirmed.

Judgment affirmed.

Spear, C. J., Davis, Spiaucic, Price and Johnson, JJ., concur.